[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Two police officers, Erin Jones and Louis Egner, responded to a call to investigate a menacing incident in an apartment building. They spoke with Frank Bowman, who told them that defendant-appellant Jerry C. Mitchell had threatened to kill him with a black handgun. Officer Egner testified that two other witnesses also told him that Mitchell had threatened Bowman.
When the officers approached Mitchell's third-floor apartment, Mitchell's apartment door was opened about one and a half to two feet. Officer Jones could see through the opening in the door that Mitchell was lying on a bed, stroking the barrel of a black gun that was next to his leg. Officer Jones backed away from the door and told Officer Egner that Mitchell had a gun. The officers ordered Mitchell to come out without the weapon. After this command was repeated several times, Mitchell came out without the weapon. The officers brought him to a second-floor landing and handcuffed him. Officer Egner then went back to Mitchell's apartment, looked in the door, saw a gun lying on the bed, entered the apartment, and took the gun. Officer Jones testified that it only took Officer Egner about six seconds to get the gun and leave the apartment.
Mitchell was charged with having a weapon while under disability. After the court denied a motion to suppress, Mitchell pleaded no contest to the charge. The trial court found him guilty, and Mitchell now appeals. In his sole assignment of error, Mitchell asserts that the court erred in denying his motion to suppress. He points out that neither officer had a warrant to enter his apartment, and he claims that the warrantless seizure of the gun after his detention violated his Fourth Amendment rights. We disagree, as we conclude that Officer Egner properly seized the gun during what we analogize to a protective sweep of the apartment. (Mitchell's assignment does not focus on his detention, and we assume that the officers acted lawfully in ordering Mitchell out of his apartment and detaining him after the gun was seen in open view through Mitchell's opened apartment door.)
A protective sweep is a quick and limited search of premises, incident to an arrest, generally to locate other persons who might pose a threat to police officers or the public. It is an exception to the rule that warrantless searches are per se unreasonable.[1] In certain cases, a protective sweep may be made in a person's residence even though that person has been arrested outside the residence.[2] Here, after Mitchell was detained, the officers did not know if other individuals remained in Mitchell's apartment. In light of the fact that Mitchell's apartment door was opened, with a gun in open view, we conclude that Officer Egner's retrieval of the gun was reasonable. In fact, it seems to us that Officer Egner would have been negligent in not retrieving the weapon, which obviously could have been found by a child or some irresponsible person. Officer Egner simply retrieved the gun and then immediately left the apartment. He did not conduct any sort of exploratory search. As is the case in a protective sweep, the action was taken merely to ensure the safety of the officers and others. Under these circumstances — and limited to the facts of this case — we conclude that enough of a threat was present that the seizure of the gun was proper.
Therefore, we overrule Mitchell's assignment. We affirm the judgment of the trial court.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 PAINTER and WINKLER, JJ.
[1] See Maryland v. Buie (1990), 494 U.S. 325, 327,110 S.Ct. 1093, 1094.
[2] See, e.g., United States v. Colbert (C.A.6, 1996),76 F.3d 773, 776-777; United States v. Oguns (C.A.2, 1990), 921 F.2d 442,446-447.